# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GEORGE RAYMOND JOHNSTON, III,**

    **Plaintiff,**

**vs.**                                                    **Case No. 4:11cv21-MP/WCS**

**WALTER McNEIL, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* inmate, initiated this civil rights action on January 19, 2011, by filing the complaint, doc. 1, and an *in forma pauperis* motion, doc. 4, which was granted, doc. 7, and Plaintiff has now paid the assessed initial partial filing fee. Doc. 10. Plaintiff also filed a lengthy memorandum of law, docs. 2-3, which contains a request for an emergency injunction, doc. 2, within the memorandum. Several weeks later, Plaintiff filed a motion for an emergency temporary injunction, doc. 8.

In a separate order entered this day, Plaintiff's complaint was reviewed as is required by 28 U.S.C. § 1915A. Because the compliant is deficient and Plaintiff's claims not clearly presented, Plaintiff has been ordered to file an amended complaint.

Plaintiff's motion for an injunction appears to seek relief concerning proper fitting boots and for medical care. Doc. 2. In Plaintiff's second motion for injunctive relief, doc. 8, Plaintiff seeks help relevant to a fall Plaintiff sustained. Doc. 8. Plaintiff is diabetic and due to the condition, he is particularly susceptible to foot problems. As noted above, however, Plaintiff's complaint was insufficient and Plaintiff's motions are entirely too lengthy to clearly articulate his claims and requests for relief.[1]

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff has established:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

---

[1] Should Plaintiff file motions in the future, they must be shorter than 25 pages and Plaintiff must avoid redundant and unnecessary detail. Plaintiff should be able to clarify a serious problem, explain his pain and suffering, and request relief in just a few short pages of information.

Case No. 4:11cv21-MP/WCS

Plaintiff has not carried that burden. It is not clear what claims Plaintiff is truly attempting to litigate in this case. Plaintiff has not shown a substantial likelihood of success on the merits because his complaint is deficient and Plaintiff does not demonstrate a serious medical need. That Plaintiff's boots are too small has not been shown to present a "serious medical need" as opposed to simply being uncomfortable. Therefore, the instant motion must be denied as Plaintiff has not demonstrated a substantial likelihood of success on the merits.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motions for injunctive relief, docs. 2 and 8, be **DENIED** and this case be **REMANDED** to me for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 14, 2011.

 S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**